E. R. and N. I. Ramirez v. Commissioner.
Ramirez v. Commissioner
Docket No. 692-69 "SC".
United States Tax Court
T.C. Memo 1969-125; 1969 Tax Ct. Memo LEXIS 169; 28 T.C.M. (CCH) 670; T.C.M. (RIA) 69125; June 23, 1969, Filed Ernest R. Ramirez and Nelida I. Ramirez, pro se, Route 5, South Frontage Rd., Lemont, Ill. Richard M. Kates, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1966 in the amount of $266.64. The issues for decision are the amounts of the deductions to which petitioners are entitled for charitable contributions and theft loss. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who resided in Lemont, Illinois at the time they filed their petition in this case, filed a joint Federal income tax return for the *170 calendar year 1966 with the district director of internal revenue, Chicago, Illinois. From the beginning of 1966 until about the middle of October of that year petitioners lived in Waterbury, Connecticut where they were members of the parish of Saint Cecelia's Catholic Church. About the middle of October 1966, petitioners moved to Zion, Illinois where they lived for the balance of the year. They were members of the parish of Our Lady of Humility Catholic Church while they resided in Zion, Illinois. Petitioner N. I. Ramirez was born and reared in South America. Spanish was her native language. She was educated in Catholic schools. Both petitioners attended church every Sunday and on every Holy Day of Obligation but did not always attend the church of their own parish. Petitioner N. I. Ramirez attended church every Friday and often on other days of the week. She often attended a Catholic church where the pastor made a special effort to be helpful to Spanish-speaking people. Petitioners had a family budget. They included in this budget $50 a month for regular contributions to Catholic churches. Petitioners did not consider amounts given on days other than Sunday or Holy Days of *171 Obligation to be regular contributions for which they budgeted a specific amount but considered amounts given on such days to be special contributions which they gave for a special reason. When petitioners attended church together on Sunday E. R. Ramirez would place a contribution for both of them in the collection plate. He usually contributed an amount of $10 but would occasionally put in as little as $5 or as much as $12. When petitioners attended church together on Holy Days of Obligation E. R. Ramirez would contribute for both petitioners an amount of from $5 to $10. N. I. Ramirez sometimes made special contributions when she attended church alone on weekdays usually in an amount of $5 although she would sometimes give somewhat more or less. Petitioners believe that to place their contribution to a church in an envelope marked with their names or to make their contributions by check is not religiously right. Therefore, all amounts they contribute to their church are in cash not designated with their names. On August 27, 1966, petitioners had their automobile parked near a lake in Connecticut while they went canoeing. When they returned from canoeing they found their car had *172 been stolen. They were reimbursed by insurance for the full value of the car. Petitioners had a cemera, a wide-angle lens, a tele-lens, a briefcase, three books, a tool set, two wrist watches, and a tape recorder in their car. These items were not covered by theft insurance and petitioners never 671 recovered these items or received any compensation for their loss. Petitioners on their Federal income tax return for the year 1966 claimed deductions for charitable contributions in the following amounts: Church
$800
Community chest
125
Salvation Army
40
Others 10
Total
$975
Respondent in his notice of deficiency disallowed $540 of petitioners' claimed charitable deductions, stating that petitioners had not substantiated such deductions in excess of $435. The parties at the trial agreed that the respondent's disallowance was composed of a disallowance of $500 of the claimed deduction for contributions to churches and the $40 deduction claimed as a contribution to the Salvation Army. Petitioners on their Federal income tax return for the year 1966 claimed a deduction for a theft loss of $610. Respondent in his notice of deficiency disallowed $100 of this *173 claimed deduction explaining that the claimed deduction was disallowed to this extent "in accordance with Section 165(c)(3) of the Internal Revenue Code of 1954." Ultimate Findings of Fact Petitioners are entitled to charitable deductions in the total amount of $785. Petitioners are not entitled to a deduction for a theft loss in an amount in excess of $510. Opinion The issues here are purely factual. One of petitioners kept a book which she entitled, "Contributions to Churches." For the year 1966 amounts were entered in this book under various dates and indicating by name various churches. However, the testimony of this petitioner shows that the items were not entered into the book on the date when the claimed contribution was made but were entered later. The evidence also shows that the petitioner who made the entry did not actually know how much had been contributed when she made the entry but made an estimate of the amount from her knowledge of the amount which petitioners had included in their household budget for gifts to churches. The record kept by petitioners is not sufficiently accurate to show the amounts of their contributions to churches. *174 From the testimony of petitioners as to the amounts they gave to churches when they attended church together, the amount they included in their household budget for giving to churches and special gifts they made to churches, and all the other evidence of record, we have concluded that petitioners gave a total amount of $650 to various Catholic churches during the year 1966. Petitioners produced no evidence with respect to what amount, if any, they contributed to the Salvation Army in 1966. We therefore sustain respondent's disallowance of petitioners' claimed deduction of $40 for a contribution to the Salvation Army because of petitioners' failure of proof. Petitioners contend that the value of the articles stolen from them in 1966 was actually $680 instead of the $610 they showed on their 1966 Federal income tax return. The only evidence offered by petitioners as to the value of the articles stolen was the testimony of one of petitioners as to his opinion of the useful life of the articles for depreciation purposes. Petitioners contend that the value of the articles should be the cost minus depreciation based on this petitioner's estimated useful life of the various articles. *175 The record does not show that the petitioner who testified was qualified to determine the useful life of the various articles. However, even if we accept petitioners' estimate of useful life for the articles stolen, there is nothing in the record to show that the fair market value of the articles stolen would be equal to their cost less straight line depreciation. Petitioners have failed to prove that they are entitled to a deduction for a theft loss of an amount in excess of the $510 allowed by respondent. Decision will be entered under Rule 50.